UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 2:23-cr-74-SPC-KCD

AUGUSTIN DESGRANGE
_____/

## **ORDER**

Before the Court are Defendant Augustin Desgrange's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 and Amendment 821, Part A of U.S. Sentencing Commission (Doc. 48), the United States Probation Office's Memorandum (Doc. 49), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 53).

Defendant is serving a 30-month sentence for illegal reentry. (Doc. 46). In his motion, Defendant argues that he is entitled to a status points reduction. (Doc. 48).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under

§ 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

The Court sentenced Defendant on January 16, 2024. (Doc. 45). Probation explains that neither Part A nor Part B, subpart 1, of Amendment 821 applies to Defendant because he was assessed one or more criminal history points and was not assessed status points. U.S.S.G. § 1B1.10(a)(2)(A).

The Federal Defender agrees with Probation's assessment. (Doc. 53 at 2). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Federal Defender states that he will notify Defendant of his position and move to terminate his representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because Defendant was assessed one or more criminal history points and was not assessed status points, he is ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Finally, although the defendant titles his motion to include compassionate release, he makes no arguments about compassionate release. Therefore, the Court need not examine this issue.

Accordingly, it is

**ORDERED**:

Defendant Augustin Desgrange's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 and Amendment 821, Part A of U.S. Sentencing Commission (Doc. 48) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on April 18, 2025.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3