UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No.:   2:23-cr-74-SPC-KCD

AUGUSTIN DESGRANGE
_____/

## ORDER

Before the Court is Defendant Augustin Desgrange's Motion to Correct Credit for Time Served.[1] (Doc. 57). Defendant seeks credit for time he served in custody from May 17, 2023, to January 16, 2024. The Government filed a response in opposition. (Doc. 58). For the following reasons, the motion is denied.

The Glades County Sheriff's Office in Moore Haven, Florida arrested Defendant in May 2023. (*Id.* at 4). While at the Glades County Jail for his state offense, Immigration and Customs Enforcement agents lodged a detainer against him based upon his unlawful immigration status. (*Id.*). In June 2023, Defendant was indicted in the Middle District of Florida for the offense of illegal reentry by a deported alien. (Doc. 1). On January 16, 2024, this Court

---

[1] Defendant filed a one-paragraph letter to the Court, stating there was a "miscalculation in [his] sentence." (Doc. 57). The Local Rules prohibit such a request. *See* M.D. Fla. R. 3.01(k) ("A party must not use a letter, email, or the like to request relief or to respond to a request for relief."). Nevertheless, in the interests of judicial economy, the Court construes the letter as a Motion to Correct Credit for Time Served and issues this Order.

sentenced him to serve 30 months' imprisonment after he pled guilty to the charged offense. (Doc. 45). Defendant is incarcerated at FCI Miami in Miami, Florida, is 52 years old, and is projected to be released on September 18, 2025. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on June 4, 2025).

The Court denies the motion for two related reasons. First, Defendant failed to demonstrate that he exhausted his administrative remedies. A challenge to the computation of sentence credits by an inmate must follow the administrative remedy procedure before filing a 28 U.S.C. § 2241 petition. *Jaimes v. United States*, 168 F. App'x 356, 358–59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure). In his motion, Defendant does not state whether he requested a reduction of his sentence to reflect credit for time served while in state custody under a federal detainer from the warden of his prison. Thus, because the Defendant has not shown that he exhausted his administrative remedies, his motion is denied. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Second, Defendant requested relief in the wrong place. Under 18 U.S.C. § 3585(b), "a defendant shall be given credit for time served in official detention that has not been credited against another sentence." *United States v. Jacinto-*

2

*Gonzalez*, 727 F. A'ppx 613, 615 (11th Cir. 2018). However, it is the Attorney General's responsibility, through the Bureau of Prisons, to calculate the credit for time served. *United States v. Wilson*, 503 U.S. 329, 334 (1992). If Defendant disputes the calculation of his credit for time served, he must address it first with the Bureau of Prisons, not this Court. Defendant has not indicated that he has done so. Thus, the Court denies his motion.

Accordingly, it is

**ORDERED**:

Defendant Augustin Desgrange's Motion to Correct Credit for Time Served (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 5, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record